LIPPINCOTT (MITCHELL v.). See Case No. 9,665.

LIPPINCOTT (PLAYER v.). See Cases Nos. 11,223 and 11,224.

LIPPINCOTT (RICH v.). See Case No. 11,758.

---

## Case No. 8,382.

### In re LIPPMAN.

[3 Ben. 95;[1] 9 Int. Rev. Rec. 1.]

District Court, S. D. New York. Dec., 1868.

INTERNAL REVENUE ACT OF JUNE 30, 1864, § 14—PRODUCTION AND EXAMINATION OF BOOKS—PRIVILEGE OF WITNESS—ATTACHMENT FOR CONTEMPT.

Where a tobacco manufacturer was summoned by an assessor of internal revenue to appear and produce all books of account containing entries relating to his business, and failed to obey the summons, whereupon an attachment was issued by a United States commissioner against

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

him, and he was arrested and committed by the commissioner to the custody of the marshal till he should produce the books, whereupon a writ of habeas corpus was issued in his favor, on the hearing on which he claimed that a criminal proceeding had been commenced against him for making false returns to the assessor and that he could not produce the books or give the evidence without criminating himself: *Held*, that he must bring the books which contained entries relating to his business before the assessor, and must then be asked to exhibit any entry relating to a particular point to be named in the inquiry, and, if he should say that he could not do so without criminating himself, he would be protected from exhibiting it.

[Cited in U. S. v. Hodson, Case No. 15,376; U. S. v. Hughes, Id. 15,417.]

Leopold Lippman was brought up on a habeas corpus, being in the custody of the marshal of the United States for this district, on an order and commitment made by a commissioner of the circuit court of the United States for this district, under the provisions of the 14th section of the internal revenue act of June 30th, 1864 [13 Stat. 226], as subsequently amended. For one of the causes specified in that section the assessor of the proper district summoned the relator, who was a tobacco manufacturer, to appear before him and produce all books of account in his possession, custody or care, containing entries relating to his trade or business during a period of time specified in the summons, and to give testimony respecting his returns made as such tobacco manufacturer. The summons was duly served on the relator, the books referred to in it being described in it with reasonable certainty. He neglected to obey the summons, and did not appear or produce the books referred to. The assessor then applied to the commissioner, under the section, for an attachment against him as for a contempt. The commissioner heard the application, and, satisfactory proof being made to him, issued an attachment to the marshal for the arrest of the relator. The relator was arrested and brought before the commissioner, who heard the case on evidence, and made an order committing the relator to the custody of the marshal, till he should produce before the assessor the books referred to in the summons and give testimony as required. It was alleged that the relator had made false and fraudulent returns to the assessor, and the relator set up that a criminal proceeding had been commenced against him for making such alleged false and fraudulent returns, and that he could not produce the books or give the testimony without criminating himself.

M. V. B. Wilcoxson, for relator.

T. Simons, Asst. Dist. Atty., for the United States.

BLATCHFORD, District Judge. The object of the proceeding authorized by the fourteenth section, and taken in this case, is to furnish the assessor with information from which to make a true return, so as to assess the proper tax. The section, after providing for the proceedings which have been taken in this case, declares that it shall be the duty of the assessor to enter the premises of any person rendering a false return, and to make, according to the best information which he can obtain, including that derived from the evidence elicited by the examination of witnesses authorized by the section, and on his own view and information, a proper return and assess the proper tax, and to add one hundred per centum to such tax, in case of a false return having been made. The use of any entries in the books, and of any testimony given, is solely to furnish evidence for making a true return. If there were no entries in any books of account in the possession, custody or care of the relator, relating to the trade or business of the relator during the period named in the summons, the relator is not bound to produce them. But if there are any such entries, he is bound to bring the books. He refuses now to bring the books at all, while he does not deny that they contain such entries. He must, therefore, bring the books. But he is not at once obliged to submit the books or any of them to the inspection of the assessor or of any other person. The entries in question, and not the books, are the things sought for by the section. When the books are brought, the relator must appear with them under the summons to give testimony. He must then be asked whether there are any such entries as the summons specifies. If he says there are, he must then be asked to exhibit any entry or entries relating to a particular point or matter to be named in the inquiry, within the scope of the summons as to subject-matter and time. If he says that he cannot do so without criminating himself, or furnishing thereby a link in a chain of evidence which might criminate him, he is protected from exhibiting such entry or entries. And he is protected in like manner from giving testimony, in reply to any particular question put to him. If there be any entry as to which he does not claim protection, he is entitled, in disclosing such entry, to withhold and conceal all entries as to which he does claim protection. The power of the assessor under the fourteenth section, to make out a proper return on which to assess the tax, and then to add one hundred per cent. to such tax in case a false return has been made, is ample, even in the absence of the books and testimony of the relator; and the withholding of such books and testimony, when an opportunity is offered to the relator to have the benefit of them, will warrant the assessor in making out a return on the best information he can obtain, and in assessing a tax thereon, and will deprive the relator of all ground of complaint as to the amount of the tax. In this view there could be no excuse for stretching the power of the assessor so far as to involve a violation of one of the fundamental principles of justice, that no person shall be compelled to give testimony which may tend

to criminate himself. This may be done by exhibiting or disclosing an entry in a book as well as by testifying orally. The witness must be the judge of the effect of the dis-closure or testimony, unless it is manifest that there is no ground for claiming the protection invoked. The relator must be remanded to the custody of the marshal until he attends before the assessor with the books referred to in the summons, and then the examination will proceed before the assessor in the manner herein indicated.